**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**
Civil Action No.

| | |
|---|---|
| Andrew Walls,<br>    and<br>Brianna Brewer,<br>    and<br>Terrance Peters,<br>    and<br>Brianna Hill,<br>    and<br>Dayrice Brewer,<br>    and<br>Daiquan Green,<br>    and<br>James Clark,<br>    and<br>Kenneth Harper,<br>    and<br>Hikeem Keith,<br>    and<br>Damir Mitchell,<br>    and<br>Rafiah Cannon,<br>    and<br>Bianca Livingston,<br>    and<br>Elijah Dodson,<br>        Plaintiffs,<br>    v.<br>K&C Executive Protection LLC,<br>        Defendant. | CIVIL ACTION<br><br>COLLECTIVE ACTION COMPLAINT ON BEHALF OF PLAINTIFFS AND ALL SIMILARLY SITUATED PERSONS<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, Andrew Walls, Brianna Brewer, Terrance Peters, Brianna Hill, Dayrice Brewer, Daiquan Green, James Clark, Kenneth Harper, Hikeem Keith, Damir Mitchell, Rafiah Cannon, Bianca Livingston, and Elijah Dodson (collectively "PLAINTIFFS"), individually, and on behalf of themselves and all other persons similarly situated, known and unknown, file this Collective Action Complaint against K&C Executive Protection LLC ("DEFENDANT"),

seeking all available remedies under the Federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and the state Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.102, *et seq.*, and common law claims, in support states as follows:

### JURISDICTION AND VENUE

1. The court has subject-matter jurisdiction pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, 28 U.S.C. § 1337 and 29 U.S.C.A. § 216(b).

2. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (Federal question).

3. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear state law claims brought under, *inter alia.*, the PMWA, 43 P.S. § 333.101, *et seq.*

4. The court has personal jurisdiction over the Defendant, as the Limited Liability Company, resides, maintains its principal place of business, regularly conducts business, and has a Registered Office, in the District.

5. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 as the Defendant, Limited Liability Company resides, maintains its principal place of business, regularly conducts business, and has a Registered Office, in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in the district.

### PARTIES

6. Plaintiff, Andrew Walls, is an individual who resides in the Commonwealth of Pennsylvania at 904 N. 65th Street, Philadelphia, PA 19151, and worked for Defendant: May 2020-June 2022.

7. Plaintiff, Brianna Brewer, is an individual who resides in the Commonwealth of Pennsylvania at 1524 N. Dover Street, Philadelphia, PA 19121, and worked for Defendant: 2019-2021

8. Plaintiff, Terrance Peters, is an individual who resides in the Commonwealth of Pennsylvania at 4927 Portico Street, Philadelphia, PA 19144, and worked for Defendant: April 2020-October 2022

9. Plaintiff, Brianna Hill, is an individual who resides in the Commonwealth of Pennsylvania at 1134 W. Jefferson Street, Philadelphia, PA 19122, and worked for Defendant: November 2019 – April 2021

10. Plaintiff, Dayrice Brewer, is an individual who resides in the Commonwealth of Pennsylvania at

3106 N. 24th Street, Philadelphia, PA 19132, and worked for Defendant: 2019-2021

11. Plaintiff, Daiquan Green, is an individual who resides in the Commonwealth of Pennsylvania at

1239 Cambridge Court, Philadelphia, PA 19123, and worked for Defendant: April 2020-November 2021

12. Plaintiff, James Clark, is an individual who resides in the Commonwealth of Pennsylvania at

1455 E. Lycoming Street, Philadelphia, PA 19124, and worked for Defendant: April 2019 – January 2022

13. Plaintiff, Kenneth Harper, is an individual who resides in the Commonwealth of Pennsylvania at

122 Longridge Drive, Columbia, SC 29229, and worked for Defendant: 2019-July 2021

14. Plaintiff, Hikeem Keith, is an individual who resides in the Commonwealth of Pennsylvania at

159 W. Tabor Road, Philadelphia, PA 19120, and worked for Defendant: April 2020-October 2022

15. Plaintiff, Damir Mitchell, is an individual who resides in the Commonwealth of Pennsylvania at

6013 N. Warnock Street, Philadelphia, PA 19141, and worked for Defendant: TBD

16. Plaintiff, Rafiah Cannon, is an individual who resides in the Commonwealth of Pennsylvania at 3516 Mantua Avenue, Philadelphia, PA 19104, and worked for Defendant: August 2021-March 2022.

17. Plaintiff, Bianca Livingston, is an individual who resides in the Commonwealth of Pennsylvania at 8201 Henry Avenue, Apartment J1, Philadelphia, PA 19128, and worked for Defendant: November 2022 to Present.

18. Plaintiff, Elijah Dodson, is an individual who resides in the Commonwealth of Pennsylvania at 100 E. Ashmead Street, Philadelphia, PA 19144, and worked for Defendant: 2017 to 2021.

19. At all times material, Plaintiffs have been covered employees under the FLSA and PMWA.

20. In addition to the named Plaintiffs, Defendant employs and has employed additional similarly situated employees.

21. Defendant, K&C Executive Protection LLC, is a Limited Liability Company, maintaining its principal place of business at 1712 Point Breeze Avenue, Philadelphia, PA 19145, and registered to do business in the Commonwealth of Pennsylvania with a Registered

Office at 516 S Conestoga St, Philadelphia, PA 19143 under Registration Number 6650023.

22.     At all times material, Defendant is, and has been, a covered employer under the FLSA, and PMWA.

## INTRODUCTION

23.     Plaintiffs bring this claim individually and as part of a collective action, under the FLSA, 29 U.S.C.A. § 216(b) on behalf of other employees of Defendant who were denied overtime compensation.  The collective action claims are for overtime compensation, liquidated damages, interest, and attorney fees and costs pursuant to the FLSA, 29 U.S.C.A. §§ 207, 216(b).  The PMWA and common law claims are asserted as a class action under Federal Rule of Civil Procedure 23.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

24.     Defendant employed Plaintiffs, and others similarly situated, from 2019 to 2022.

25.     During the employment, Plaintiffs, and others similarly situated, performed work in excess of forty (40) hours per week on a regular and repeated basis.

26.     In addition to Plaintiffs, other similarly situated, performed work in excess of forth (40) hours on a regular and repeated basis.

27.     Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40) hours per week. See, *inter alia*., 29 C.F.R. § 778.101, 29 U.S.C. § 207, 29 C.F.R. § 552.100, 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

28.     Under the Fair Labor Standards Act, overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed during the first forty (40) hours of work. 29 C.F.R. § 778.107.

29. Defendant did not pay Plaintiffs, and other similarly situated, one and one-half times their regular rate of pay for hours worked over forty (40) hours hours per week during a workweek. Instead, Defendant classified Plaintiffs, and other similarly situated employees, as an independent contractor, issuing an IRS Form 1099 at the end of those years. Defendant did this in an attempt to avoid paying the overtime and payroll taxes that Defendant is required by federal law to pay.

30. Plaintiffs, and others similarly situated, were not an independent contractor.

31. Job duties of Plaintiffs, and others similarly situated, were an integral part of the business of Defendant.

32. Plaintiffs, and others similarly situated, did not work for any other company during their employment with Defendant. Indeed, the number of hours Plaintiffs, and other similarly situated, worked precluded them from the opportunity to work for any other such company.

33. Defendant exercised control over the terms and conditions of the employment of Plaintiffs, and others similarly situated.

34. Defendant instructed Plaintiffs, and others similarly situated, as to their appointments, work locations, and tasks to perform.

35. Plaintiffs, and others similarly situated, did not handle any of the billing, purchasing, or business tasks. They simply work at the instruction of Defendant.

36. Plaintiffs, and others similarly situated, did not have the opportunity to compete with each other in open-market competition.

37. In addition to Plaintiffs, other similarly situated, were misclassified as independent contractors and deprived of federal and state guaranteed overtime wages.

38. Beginning in 2023, Defendant began to classify Plaintiffs, and others similarly situated, as employees, issuing W-2 forms. There was no change in their job duties associated with this change in classification by Defendant. Once again, Plaintiffs, and others similarly situated, worked in excess of forty (40) hours per week on a regular and repeated basis, but were not paid overtime compensation as required by law.

39. The intentional failure of Defendant to pay Plaintiffs, and others similarly situated, overtime wages are willful violations of the FLSA.

40. This action is maintainable as an opt-in collective action pursuant to 29 U.S.C.A. § 216(b) as to claims for overtime compensation, liquidated damages, interest, attorney fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees of Defendant are similarly situated to Plaintiffs with regard to their wages and damages, in that they have been denied proper overtime compensation for a number of years prior to the filing of this complaint. Plaintiffs are a representative of those other current and former employees and are acting on behalf of their interests as well as the interests of Plaintiffs in bringing this action. Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through records of Defendant. These similarly situated employees may be readily notified of this action and allowed to opt-in pursuant to 29 U.S.C.A. § 216(b), for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorney fees, and costs under the FLSA.

## COUNT I
(Federal Minimum Wage and Overtime Violations)

41. The foregoing facts are incorporated by reference as if fully stated here.

42. Plaintiffs, on behalf of themselves and others similarly situated, bring the

following cause of action against Defendant: Willful failure to pay overtime wages in violation of the FLSA. The intentional failure of Defendant to pay the Plaintiffs, and others similarly situated, the proper minimum wage and to pay overtime for their hours over 40 hours a week violates the FLSA, and supporting regulations, administrative rules, and orders.

43. Defendant is an employer covered by the FLSA. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . "

44. At all times relevant to this action, Plaintiffs, and others similarly situated, were covered employees entitled to the FLSA above-described protections.

45. Plaintiffs, and others similarly situated, are not exempt from the requirements of the FLSA.

46. The FLSA requires that covered employees be compensated for all hours worked exceeding forty (40) in a workweek at a rate no less than one and one-half (1 1/2) times the regular rate at which they are compensated (the "overtime wage").

47. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions, and knowingly failed to compensate the Plaintiffs, and others similarly situated, at a rate of one and one-half (1 1/2) times for hours worked in excess of forty (40) hours per week, and knowingly failed to compensate Plaintiffs, and others similarly situated, for all hours worked.

48. Pursuant to FLSA, employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the overtime wages, an additional equal amount as liquidated damages, interest, reasonable attorney fees, and costs of the action.

49.   Plaintiffs, and others similarly situated, have been damaged in an amount as yet undetermined plus liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a) Authorization to issue notice pursuant to 29 U.S.C.A. § 216(b) at the earliest possible time, to all current and former nonexempt employees during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the last three years, but were not paid overtime by the FLSA;

b) A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C.A. § 207, as to Plaintiffs and similarly situated persons who opt-in to this action;

c) A declaratory judgment that Defendant has violated the overtime provisions of PMWA 43 P.S. § 333.102, *et seq.*, as to Plaintiffs and similarly situated persons who opt-in to this action;

d) A declaratory judgment that Defendant's violations of the FLSA and PMWA were willful;

e) An award to Plaintiffs, and others similarly situated, who opt-in to this action of damages in the amount of unpaid overtime compensation to be proven at trial;

f) An award to Plaintiffs, and others similarly situated, who opt-in to this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C.A. § 216(b);

g) An award to Plaintiffs, and others similarly situated, who opt-in to this action of reasonable attorney fees and costs, pursuant to 29 U.S.C.A. § 216(b); and

h) An award of such other and further legal and equitable relief as may be appropriate.

## COUNT II
(Pennsylvania Minimum Wage Act Violations)

50. The foregoing facts are incorporated by reference as if fully stated here.

51. Plaintiffs, on behalf of themselves and others similarly situated, bring the following cause of action against Defendant: Willful failure to pay overtime wages in violation of the PMWA.  The intentional failure of Defendant to pay the Plaintiffs, and others similarly situated, the proper minimum wage and to pay overtime for their hours over 40 hours a week violates the PMWA, and supporting regulations, administrative rules, and orders.

52. Defendant is an employer covered by the PMWA.  The PMWA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . "

53. At all times relevant to this action, Plaintiffs, and others similarly situated, were covered employees entitled to the PMWA above-described protections.

54. Plaintiffs, and others similarly situated, are not exempt from the requirements of the PMWA.

55. The PMWA requires that covered employees be compensated for all hours worked exceeding forty (40) in a workweek at a rate no less than one and one-half (1 1/2) times the regular rate at which they are compensated (the "overtime wage").

56. In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions, and knowingly failed to compensate the Plaintiffs, and

others similarly situated, at a rate of one and one-half (1 1/2) times for hours worked in excess of forty (40) hours per week, and knowingly failed to compensate Plaintiffs, and others similarly situated, for all hours worked, and knowingly failed to compensate Plaintiffs, and others similarly situated, for all hours worked.

57. Pursuant to PMWA, employers, such as Defendant, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the overtime wages, an additional equal amount as liquidated damages, interest, reasonable attorney fees, and costs of the action.

58. Plaintiffs, and others similarly situated, have been damaged in an amount as yet undetermined plus liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a) Authorization to issue notice pursuant to 29 U.S.C.A. § 216(b) at the earliest possible time, to all current and former nonexempt employees during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the last three years, but were not paid overtime by the FLSA;

b) A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C.A. § 207, as to Plaintiffs and similarly situated persons who opt-in to this action;

c) A declaratory judgment that Defendant has violated the overtime provisions of PMWA 43 P.S. § 333.102, *et seq*., as to Plaintiffs and similarly situated persons who opt-in to this action;

- 11 of 17 -
THE FOXWORTH LAW FIRM LLC

d) A declaratory judgment that Defendant's violations of the FLSA and PMWA were willful;

e) An award to Plaintiffs, and others similarly situated, who opt-in to this action of damages in the amount of unpaid overtime compensation to be proven at trial;

f) An award to Plaintiffs, and others similarly situated, who opt-in to this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C.A. § 216(b);

g) An award to Plaintiffs, and others similarly situated, who opt-in to this action of reasonable attorney fees and costs, pursuant to 29 U.S.C.A. § 216(b); and

h) An award of such other and further legal and equitable relief as may be appropriate.

## COUNT III
### (Breach of Contract)

59. The foregoing facts are incorporated by reference as if fully stated here.

60. There was an implied oral agreement between Defendant and Plaintiffs, and others similarly situated, that covered employees would be compensated for all hours worked exceeding forty (40) in a workweek at a rate no less than one and one-half (1 1/2) times the regular rate at which they are compensated (the "overtime wage"), and would be compensated for all hours worked.

61. Defendant failed to compensate the Plaintiffs, and others similarly situated, at a rate of one and one-half (1 1/2) times for hours worked in excess of forty (40) hours per week, and failed to compensate Plaintiffs, and others similarly situated, for all hours worked.

62. The willful failure to pay constitute a breach of the contract between Plaintiff and Defendant.

63. Plaintiffs, and others similarly situated, have been damaged in an amount as yet undetermined plus liquidated damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a) Authorization to issue notice pursuant to 29 U.S.C.A. § 216(b) at the earliest possible time, to all current and former nonexempt employees during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the last three years, but were not paid overtime by the FLSA;

b) A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C.A. § 207, as to Plaintiffs and similarly situated persons who opt-in to this action;

c) A declaratory judgment that Defendant has violated the overtime provisions of PMWA 43 P.S. § 333.102, *et seq.*, as to Plaintiffs and similarly situated persons who opt-in to this action;

d) A declaratory judgment that Defendant's violations of the FLSA and PMWA were willful;

e) An award to Plaintiffs, and others similarly situated, who opt-in to this action of damages in the amount of unpaid overtime compensation to be proven at trial;

f) An award to Plaintiffs, and others similarly situated, who opt-in to this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C.A. § 216(b);

g) An award to Plaintiffs, and others similarly situated, who opt-in to this action of reasonable attorney fees and costs, pursuant to 29 U.S.C.A. § 216(b); and

h) An award of such other and further legal and equitable relief as may be appropriate.

## COUNT IV
### (Unjust Enrichment)

64. The foregoing facts are incorporated by reference as if fully stated here.

65. Plaintiffs asserts this claim in the alternative to the Breach of Contract claims.

66. Defendant accepted the labor of Plaintiffs, and others similarly situated, and received the benefit thereof, by failing to pay Plaintiffs, and others similarly situated, for all hours worked at the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law.

67. Defendant was aware or should have been aware that they were receiving such benefits.

68. Defendant accepted and retained such benefits under such circumstances that it is inequitable and unjust for Defendant to retain such benefits without paying fair compensation for the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a) Authorization to issue notice pursuant to 29 U.S.C.A. § 216(b) at the earliest possible time, to all current and former nonexempt employees during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the last three years, but were not paid overtime by the FLSA;

b) A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C.A. § 207, as to Plaintiffs and similarly situated persons who opt-in to this action;

c) A declaratory judgment that Defendant has violated the overtime provisions of PMWA 43 P.S. § 333.102, *et seq.*, as to Plaintiffs and similarly situated persons who opt-in to this action;

d) A declaratory judgment that Defendant's violations of the FLSA and PMWA were willful;

e) An award to Plaintiffs, and others similarly situated, who opt-in to this action of damages in the amount of unpaid overtime compensation to be proven at trial;

f) An award to Plaintiffs, and others similarly situated, who opt-in to this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C.A. § 216(b);

g) An award to Plaintiffs, and others similarly situated, who opt-in to this action of reasonable attorney fees and costs, pursuant to 29 U.S.C.A. § 216(b); and

h) An award of such other and further legal and equitable relief as may be appropriate.

## COUNT V
(Quantum Meruit)

69. The foregoing facts are incorporated by reference as if fully stated here.

70. Plaintiffs, and others similarly situated, performed all work and services under the arrangement with Defendant on the expectation of receiving the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law.

71.     Defendant would be unjustly enriched if allowed to retain the benefit of the work and services of Plaintiffs, and others similarly situated, without reasonable payment for the value of the benefits received by Defendant.

72.     Plaintiffs, and others similarly situated, were not a volunteers in performing the work and services.  Defendant fully understood that Plaintiffs, and others similarly situated, were entitled to the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law. All conditions precedent to the maintenance by Plaintiffs, and others similarly situated, of an action for quantum meruit have been performed by Plaintiffs, and others similarly situated, or have otherwise occurred.

73.     Plaintiffs, and others similarly situated, are entitled to the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a) Authorization to issue notice pursuant to 29 U.S.C.A. § 216(b) at the earliest possible time, to all current and former nonexempt employees during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the last three years, but were not paid overtime by the FLSA;

b) A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C.A. § 207, as to Plaintiffs and similarly situated persons who opt-in to this action;

c) A declaratory judgment that Defendant has violated the overtime provisions of PMWA 43 P.S. § 333.102, *et seq.*, as to Plaintiffs and similarly situated persons who opt-in to this action;

d) A declaratory judgment that Defendant's violations of the FLSA and PMWA were willful;

e) An award to Plaintiffs, and others similarly situated, who opt-in to this action of damages in the amount of unpaid overtime compensation to be proven at trial;

f) An award to Plaintiffs, and others similarly situated, who opt-in to this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C.A. § 216(b);

g) An award to Plaintiffs, and others similarly situated, who opt-in to this action of reasonable attorney fees and costs, pursuant to 29 U.S.C.A. § 216(b); and

h) An award of such other and further legal and equitable relief as may be appropriate.

Dated: March 21, 2023

THE FOXWORTH LAW FIRM LLC
By: */s/ Roderick L. Foxworth, Jr., Esquire*
Roderick L. Foxworth, Jr., Esquire
Attorney for PLAINTIFFS
PA Attorney ID: 326960
7715 Crittenden Street, Suite 382
Philadelphia, PA 19118
267-674-2368
rfoxworth@thefoxworthlawfirm.org